Justice Stevens, with whom Justice Breyer joins,
concurring.
My conclusion that this statutory provision is not facially unconstitutional is buttressed by two interrelated considerations on which the Court finds it unnecessary to rely. First, I believe the result to be compelled by the principle that “every reasonable construction must be resorted to, in order to save a statute from unconstitutionality,” Hooper v. California, 155 U. S. 648, 657 (1895); see also Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Constr. Trades Council, 485 U. S. 568, 575 (1988) (collecting cases).
Second, to the extent the statutory text alone is unclear, our duty to avoid constitutional objections makes it especially appropriate to look beyond the text in order to ascertain the intent of its drafters. It is abundantly clear from *308 the provision’s legislative history that Congress’ aim was to target materials advertised, promoted, presented, distributed, or solicited with a lascivious purpose — that is, with the intention of inciting sexual arousal. The provision was described throughout the deliberations in both Houses of Congress as the “pandering” or “pandering and solicitation” provision, despite the fact that the term “pandering” appears nowhere in the statute. See, e. g., 149 Cong. Rec. 4227 (2003) (“[T]he bill criminalizes the pandering of child pornography, creating a new crime to respond to the Supreme Court’s recent ruling [in Ashcroft v. Free Speech Coalition, 535 U. S. 234 (2002)]” (statement of Sen. Leahy, bill’s cosponsor)); H. R. Conf. Rep. No. 108-66, p. 61 (2003) (“[The bill] includes a new pandering provision . . . that prohibits advertising, promoting, presenting, distributing, or soliciting ... child pornography” (internal quotation marks omitted)); S. Rep. No. 108-2, p. 10 (2003) (“S. 151 creates three new offenses .... One prohibits the pandering or solicitation of child pornography”); id., at 16 (“[T]he bill criminalizes the pandering of child pornography”).
The Oxford English Dictionary defines the verb “pander,” as “to minister to the gratification of (another’s lust),” 11 Oxford English Dictionary 129 (2d ed. 1989). And Black’s Law Dictionary provides, as relevant, this definition of “pandering”: “The act or offense of selling or distributing textual or visual material (such as magazines or videotapes) openly advertised to appeal to the recipient’s sexual interest.” Black’s Law Dictionary 1142 (8th ed. 2004) (hereinafter Black’s).[1] Consistent with these dictionary definitions, our cases have explained that “pandering” is “The business of purveying textual or graphic matter openly advertised to appeal to the erotic interest,’ ” Ginzburg v. United States, 383 *309 U. S. 463, 467, and n. 7 (1966) (quoting Roth v. United States, 354 U. S. 476, 495-496 (1957)).[2]
It was against this backdrop that Congress crafted the provision we uphold today. Both this context and the statements surrounding the provision’s enactment convince me that in addition to the other limitations the Court properly concludes constrain the reach of the statute, the heightened scienter requirements described ante, at 295-296, contain an element of lasciviousness.
The dissent argues that the statute impermissibly undermines our First Amendment precedents insofar as it covers proposals to transact in constitutionally protected material. It is true that proof that a pornographic but not obscene representation did not depict real children would place that representation on the protected side of the line. But any constitutional concerns that might arise on that score are surely answered by the construction the Court gives the statute’s operative provisions; that is, proposing a transaction in such material would not give rise to criminal liability under the statute unless the defendant actually believed, or intended to induce another to believe, that the material in question depicted real children.
Accordingly, when material which is protected — particularly if it possesses serious literary, artistic, political, or scientific value — is advertised, promoted, presented, distributed, or solicited for some lawful and nonlascivious purpose, such conduct is not captured by the statutory prohibition. Cf. Miller v. California, 413 U. S. 15, 24-25 (1973).

 The first definition offered is: “The act or offense of recruiting a prostitute, finding a place of business for a prostitute, or soliciting customers for a prostitute.” Black’s 1142.

 As I have explained elsewhere, Ginzburg has long since lost its force as law, see, e. g., FW/PBS, Inc. v. Dallas, 493 U. S. 215, 249 (1990) (opinion concurring in part and dissenting in part) (“Ginzburg was decided before the Court extended First Amendment protection to commercial speech and cannot withstand our decision in Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U. S. 748 (1976)”). Still, the case’s explication of the meaning of “pandering” is instructive.